IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:19-CV-29-FL

| | |
|---|---|
| CHRISTOPHER T. MANGUM, individually and d/b/a/ Wrightsville Beach Jet Ski Rentals, WRIGHTSVILLE BEACH JET SKI RENTALS, INC., MITCHELL CARSON SEITTER, individually and d/b/a Carolina Coast Watersports, LLC, and CAROLINA COAST WATERSPORTS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> TOWN OF WRIGHTSVILLE BEACH, a North Carolina Corporation and Body Politic, TIMOTHY OWENS, individually and in his official capacity as Town Manager, and JOHN WESSELL, individually and in his official capacity as Town Attorney, <br><br> Defendants. | ORDER |

This matter is before the court on defendants' partial motion to dismiss. (DE 10). No response was filed, and the time to do so has expired. In this posture, the issues raised are ripe for ruling. For the reasons that follow, defendants' motion is granted.

**STATEMENT OF THE CASE**

Plaintiffs initiated this action February 16, 2019 filing complaint pursuant to 42 U.S.C. § 1983 seeking declaratory judgment, preliminary and permanent injunction, and damages, asserting as follows:

> This action challenges the constitutional authority of the Town of Wrightsville Beach to demand a $500.00 non-refundable "appeal fee" from persons requesting appeals of adverse zoning decisions; the Town's authority to enforce zoning ordinances at the N.C. Wildlife Public Boating Access Area, the adjacent [North Carolina Department of Transportation] drawbridge right-of-way, and the public trust waters of the adjoining Intracoastal Waterway; and further challenges the lawfulness and constitutionality of the Defendants' enforcement of Town ordinances against Plaintiffs for alleged zoning violations arising out of the use and enjoyment of those public lands and waters by Plaintiffs and customers of their jet ski rental businesses.

(Compl. (DE 1) ¶ 1). More specifically, plaintiffs bring 18 claims against defendant Town of Wrightsville Beach ("Town"), defendant Timothy Owens ("Owens"), individually and in his official capacity as town manager, as well as defendant John Wessell ("Wessell"), individually and in his official capacity as town attorney, based on the above allegations. As relevant here, all claims brought by plaintiffs against defendant Owens in his official capacity are also brought against defendant Town.[1]

On April 25, 2019, defendants filed instant motion to dismiss, arguing claims against the town manager, defendant Owens, in his official capacity, are duplicative of claims against defendant Town and should therefore be dismissed.

## DISCUSSION

Claims against local government officials in their official capacity are, in essence, claims against the unit of local government for which the official works. As held by the Supreme Court, "[t]here is no longer a need to bring official capacity actions against local government officials, [because] local government units can be sued directly for damages and injunctive or declaratory

---

[1] Plaintiffs' first four claims seek various declarations and do not identify specific defendants as to those claims. Plaintiffs' claims 5-7 and 9-13 are brought against defendant Town and defendants Owens and Wessell in their individual capacities only. Plaintiffs' claims 8 and 14 are brought against defendants Owens and Wessell in their individual capacities only. Plaintiffs' claims 15 and 16 are brought against defendant Owens in his individual capacity only. Plaintiffs' claim 17 is brought against "all defendants." Plaintiffs' claim 18 is brought against defendant Town and defendants Owens and Wessell in their official capacities only.

2

relief." Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985). Likewise, the Fourth Circuit has held that because the unit of local government is the real party in interest with respect to these "official capacity" claims, trial courts should dismiss the claims as duplicative. See Love-Lane v. Martin, 355 F.3d 766, 783 (4th Cir. 2004) ("The district court correctly held that the § 1983 claim against Martin in his official capacity as Superintendent is essentially a claim against the Board [of Education] and thus should be dismissed as duplicative."). This is likewise true under North Carolina law. See Moore v. City of Creedmoor, 345 N.C. 356, 367 (1997) (citing Kentucky, 473 U.S. at 165-66) ("Thus, where the governmental entity may be held liable for damages resulting from its official policy, a suit naming public officers in their official capacity is redundant . . . Consequently, the claims against defendants Seagroves and High in their official capacities are merely another way of bringing suit against the City of Creedmoor."); see also Wright v. Town of Zebulon, 202 N.C. App. 540, 543-44 (2010) (holding official capacity claims properly dismissed where duplicative and asserted against the individual defendants and their employer, the Town of Zebulon).

Where all claims brought by plaintiffs against defendant Owens in his official capacity are also brought against defendant Town, and where plaintiffs have filed no opposition to defendants' motion to dismiss plaintiffs' official capacity claims against defendant Owens, the court grants defendants' motion.

**CONCLUSION**

For the foregoing reasons, the court GRANTS defendants' motion to dismiss, dismissing claims against defendant Owens in his official capacity.

SO ORDERED, this the 23rd day of May, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge

3