IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:19-CV-29-FL

| | | |
|---|---|---|
| CHRISTOPHER T. MANGUM, individually and d/b/a/ Wrightsville Beach Jet Ski Rentals, WRIGHTSVILLE BEACH JET SKI RENTALS, INC., MITCHELL CARSON SEITTER, individually and d/b/a Carolina Coast Watersports, LLC, and CAROLINA COAST WATERSPORTS, LLC, | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | ORDER |
| v. | ) ) | |
| TOWN OF WRIGHTSVILLE BEACH, a North Carolina Corporation and Body Politic, TIMOTHY OWENS, individually and in his official capacity as Town Manager, and JOHN WESSELL, individually and in his official capacity as Town Attorney, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on plaintiffs' ex parte motion for temporary restraining order. (DE 19). For the reasons that follow, plaintiffs' motion is denied.

**STATEMENT OF THE CASE**

Plaintiffs, who are in the jet ski rental business, initiated this action February 16, 2019, filing complaint pursuant to 42 U.S.C. § 1983 seeking declaratory judgment, preliminary and permanent injunction, and damages, asserting as follows:

> This action challenges the constitutional authority of the Town of Wrightsville Beach to demand a $500.00 non-refundable "appeal fee" from persons requesting appeals

of adverse zoning decisions; the Town's authority to enforce zoning ordinances at the N.C. Wildlife Public Boating Access Area, the adjacent [North Carolina Department of Transportation] drawbridge right-of-way, and the public trust waters of the adjoining Intracoastal Waterway; and further challenges the lawfulness and constitutionality of the Defendants' enforcement of Town ordinances against Plaintiffs for alleged zoning violations arising out of the use and enjoyment of those public lands and waters by Plaintiffs and customers of their jet ski rental businesses.

(Compl. (DE 1) ¶ 1). More specifically, plaintiffs bring 18 claims against defendant Town of Wrightsville Beach ("Town"), defendant Timothy Owens ("Owens"), the Town manager, and defendant John Wessell ("Wessell"), the Town attorney, based on the above allegations, ranging from claims for violation of plaintiffs' federal constitutional right to freedom of speech, to North Carolina-based claims for civil conspiracy and defamation.

On July 17, 2019, plaintiffs filed ex parte motion for temporary restraining order, arguing in part that following any "notice of this filing, Defendants will undertake efforts to enforce the criminal contempt remedies awarded by the Superior Court in the August 2018 Contempt Order and seek Plaintiff MANGUM's incarceration for to his failure to satisfy the purge conditions which require payment of punitive damages and attorney's fees to the Town" and that "deprivation of a constitutional right, even if only briefly, constitutes irreparable harm." (DE 20 at 18).[1]

## STATEMENT OF THE FACTS

The facts alleged by plaintiffs as relevant to the resolution of the instant motion may be summarized as follows.

Plaintiff Mangum operated a jet ski rental business for over 17 years, many of those years

---

[1] Although plaintiffs have sought relief from the court through the instant ex parte motion for temporary restraining order, the court notes plaintiff has failed to otherwise meaningfully participate in this case since filing of complaint, filing no opposition to defendant Owen's first motion to dismiss, which the court has granted, filing no opposition to defendant Wessell's motion to dismiss, which the court will address under separate order, and failing to participate in conference or submit report and plan, as directed by Federal Rule of Civil Procedure 26 and the court's initial order regarding planning and scheduling issued June 18, 2019.

alongside other jet ski rental businesses, all of which utilized the boat ramp at the state-owned public boating access area on Wrightsville Beach as a location to launch rented jet skis into the public waterway. (Compl. (DE 1) ¶ 25). In or around July 2015, defendant Town began issuing plaintiff Mangum citations with $50.00 civil penalties for alleged zoning violations whenever he or his jet skis were seen in or around the N.C. Wildlife Commission Public Boating Access Area, the adjacent N.C. D.O.T. drawbridge right-of-way, and the adjoining Atlantic Intracoastal Waterway. (Id. ¶ 47). Plaintiffs allege the citations were inconsistent as to which town ordinance gave rise to the violation, did not give proper notice as required by state law, and specifically did not give notice of defendant Town's policy requiring payment of a nonrefundable $500.00 zoning appeal fee. (Id. ¶¶ 51-53, 55).

Plaintiff Mangum alleges he refused to pay $500.00 to appeal a $50.00 civil penalty and continued his attempts to appeal each violation by following the procedures set forth on the citations provided to him, which appeals were rejected. (DE 20 at 4 (citing Compl. (DE 1) ¶ 54)). Plaintiffs allege that after initially informing plaintiff Mangum the civil penalties were to be sent for collection under the state debt-setoff procedures, defendant Town filed a lawsuit against him and his company in the General Court of Justice, Superior Court Division, of the County of New Hanover ("state court") to recover the civil penalties and enjoin his use of the aforementioned areas. (Compl. (DE 1) ¶¶ 71, 73-82).

Thereafter, plaintiff Mangum and defendant Town entered into a consent judgement wherein plaintiff Mangum was enjoined from "operating a business involving the rental of jet skis in the Town of Wrightsville Beach or in the Town's extraterritorial jurisdiction." (Id. ¶ 74). Plaintiff Mangum then leased his equipment to plaintiff Seitter and his company and appeared at the "public boating access area . . . to ensure SEITTER safely and properly" operated the equipment. (Id. ¶¶ 90-91). Plaintiffs allege that plaintiff Mangum was not in violation of the consent judgement; however, defendant Town filed motion to hold plaintiff Mangum in civil contempt of court on July

3

26, 2018. (Id. ¶¶ 83-106).

On September 10, 2018, order of contempt was entered by the state court, concluding that plaintiff Mangum had violated the consent judgment, and ordering plaintiff to pay, by October 10, 2018, $3,580.00 in attorneys fees and for the violation. (See DE 1-12 at 4-5).

**DISCUSSION**

Under Rule 65(b), a court may issue a temporary restraining order "without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

The court may grant a temporary restraining order if the moving party establishes four requirements: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in plaintiff's favor; and (4) that an injunction is in the public interest. Real Truth About Obama, Inc. v. Federal Election Comm'n, 575 F.3d 342, 346 (4th Cir .2009), vacated on other grounds 130 S.Ct. 2371 (2010), reinstated in relevant part on remand. 607 F.3d 355 (4th Cir.2010) (per curiam). All four requirements must be satisfied. Id.[2] "[A] clear showing" of likelihood of success on the merits and irreparable harm is required in addition to satisfying the other factors before a preliminary injunction can be entered. Id. 346-47.

Upon careful consideration of the issues raised, plaintiffs have failed to satisfy the requirements for a temporary restraining order. Among other things, plaintiffs have failed to show

---

[2] Plaintiffs "move the Court for entry of an ex parte temporary restraining order and, pending a hearing on the merits, for a preliminary injunction." (DE 19 at 1). The court may issue a preliminary injunction "only on notice to the adverse party." Fed. R. Civ. P. 65(a). Thus, the court addresses only plaintiffs' ex parte motion seeking temporary restraining order and does not at this time address any motion for preliminary injunction that may be filed by plaintiffs with notice and opportunity for opposition from defendants.

that the threatened harm is sufficiently immediate so as to warrant the extraordinary remedy of a temporary restraining order.

First, plaintiffs argue that defendants may attempt to enforce the criminal contempt order which required plaintiff Magnum to pay $3,580.00 by October 10, 2018. Plaintiffs inform the court inconclusively as follows:

> Counsel for Plaintiffs emailed the Town's counsel on March 29, 2019 to ask if the Defendants would suspend enforcement of the [relevant town ordinances] and the state-court judgments against Plaintiffs until this Court rules on the merits of Plaintiffs' action, or at least until a preliminary injunction request can be decided, but after Defendants' counsel initially acknowledged that "the town had not taken any active steps to presently pursue enforcement," a follow-up email clarifying the request received no response.

(DE 19 at 4).

In Hughes Network Systems, Inc. v. InterDigital Communications Corp., 17 F.3d 691, 693-94 (4th Cir. 1994), the United States Court of Appeals for the Fourth Circuit observed that a preliminary injunction is not normally available where the harm at issue can be remedied by money damages. However, "[e]ven if a loss can be compensated by money damages . . . , extraordinary circumstances may give rise to the irreparable harm required for a preliminary injunction." Id. at 694. But such "extraordinary circumstances" are designed to be rarely invocable exceptions. Id. The Fourth Circuit explained that such circumstances may exist where, for example, "the moving party's business cannot survive absent a preliminary injunction or where damages may be unobtainable from the defendant because he may become insolvent before a final judgment can be entered and collected." Id. (citation omitted). There has been no showing that such may occur in this instance.[3]

---

[3] Although plaintiffs raise the specter that defendants may seek plaintiff Mangum's incarceration for his failure to purge his contempt, courts have the inherent power to coerce compliance with their orders in part because "the contemnor is able to purge the contempt and obtain his release by committing an affirmative act, and thus carries the keys of his prison in his own pocket." Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 828 (1994) (citation omitted).

Plaintiffs additionally argue that "deprivation of a constitutional right, even if only briefly, constitutes irreparable harm." (DE 20 at 18). Plaintiffs argue that have suffered harm because defendants have acted outside their authority, have enforced unconstitutional ordinances, have targeted plaintiffs, and have not allowing meaningful appeal as required by law, as well as through the state court judgments and orders arising therefrom, in the following ways:

> in the form of deprivations of their constitutional rights under the Equal Protection and Due Process Clauses of the Fourteenth Amendment and under the North Carolina State Constitution, including the rights to adequate notice and a meaningful opportunity to be heard prior to any deprivation of property or liberty, to engage in the occupation of their choice and to enjoy the fruits of their own labor, to freely associate, to engage in free speech, and to challenge the legitimacy of Defendants' authority. Plaintiffs have also suffered injury in the form of harm to their personal and professional reputations, loss of customers and market presence, and loss of income that has driven them to deplete their savings while exhausting substantial funds and resources to defend against the Town's actions.

(Id. at 20).

Although plaintiffs are correct that loss of constitutional rights may constitute irreparable harm, see, e.g., Newsom v. Albemarle Cty. Sch. Bd., 354 F.3d 249, 261 (4th Cir. 2003), merely asserting a constitutional claim is insufficient to automatically trigger a finding of irreparable harm. The Fourth Circuit has held that within the context of constitutional violations, "a plaintiff's claimed irreparable harm is 'inseparably linked' to the likelihood of success on the merits . . . ." WV Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave, 553 F.3d 292, 298 (4th Cir.2009).

Here, plaintiffs have failed to make the requisite "clear showing" of likelihood of success on the merits.[4] Additionally, even if this court found a likelihood of success on the merits, it is

---

[4] Plaintiffs argue they are likely to succeed on the merits in that they have shown 1) the zoning appeal fee is unconstitutional, 2) plaintiffs' constitutional right to equal protection has been violated, 3) defendants have acted beyond the scope of the relevant town ordinances' jurisdiction; 4) defendants lack the authority to charge an appeal fee; 5) defendant Town failed to comply with the state zoning law's mandatory notice and hearing requirements; and 6) the Rooker-Feldman doctrine does not apply to plaintiffs' claims. (See DE 20 at 8-18). At the base, plaintiffs' arguments concern the zoning appeal fee. While the court does not foreclose the possibility of the unconstitutionality of the zoning appeal fee, the selective application of that fee, and the appeal process of that fee, or lack thereof, the record before the court at this time does not support the conclusion plaintiffs have made a clear showing of likelihood of success on the

unclear whether plaintiffs could establish irreparable harm if denied the relief requested. There are no exigent circumstances; there has been no recent change in law; there are no deteriorating conditions.[5] The facts alleged in complaint concluded in the Fall of 2018, complaint was filed February 16, 2019, and plaintiffs' instant motion was not filed until July 17, 2019. Such a lack of urgency undermines plaintiffs' claim as to irreparable harm.[6]

**CONCLUSION**

For the foregoing reasons, the court DENIES plaintiffs' motion for temporary restraining order. (DE 19).

SO ORDERED, this the 8th day of August, 2019.

LOUISE W. FLANAGAN
United States District Judge

---

merits. Related, plaintiffs' have not cited a single case addressing the constitutionality of fees, under any circumstances, levied by a municipal, state, or federal authority, save as found in Lanvale Properties, LLC v. Cty. of Cabarrus, 366 N.C. 142, 143 (2012), which concerned the adoption of an ordinance that conditional approval of new residential construction projects on developers paying a fee to subsidize new school construction to prevent overcrowding, a situation unlike the instant case.

[5] Plaintiffs' citation to Wooley v. Maynard, 430 U.S. 705, 712 (1977) is inapposite where plaintiffs in this case have not made a showing there is a "threat of repeated prosecutions in the future" or that the "effect of such a continuing threat on their ability to perform the ordinary tasks of daily life . . . is sufficient to justify injunctive relief."

[6] Additionally, the court denies plaintiffs' request the court to issue "an expedited Order to Show Cause ordering Defendants' appearance on the first available date of the Court's calendar so that the Court may combine the preliminary injunction hearing and the hearing on the merits." (DE 20 at 3).

7