IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:19-CV-29-FL

| | |
|---|---|
| CHRISTOPHER T. MANGUM, individually and d/b/a Wrightsville Beach Jet Ski RENTALS, WRIGHTSVILLE BEACH JET SKI RENTALS, INC., MITCHELL CARSON SEITTER, individually and d/b/a Carolina Coast Watersports, LLC, and CAROLINA COAST WATERSPORTS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> TOWN OF WRIGHTSVILLE BEACH, a North Carolina Corporation and Body Politic, TIMOTHY OWENS, individually, and JOHN WESSELL, individually and in his official capacity as Town Attorney, <br><br> Defendants.[1] | ORDER |

This matter is before the court on defendants' motions to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (DE 15, 22). Plaintiffs failed to respond to these motions, and the time for doing so has elapsed. Also before the court is plaintiffs' motion for partial summary judgment (DE 30), defendants' motion to strike (DE 34), and defendants' motion to extend case management order deadlines (DE 36). In this posture, the issues raised are ripe for

---

[1] The court constructively amends the caption of this order to reflect dismissal of claims against defendant Timothy Owens in his official capacity.

ruling. For the following reasons, the court grants defendants' motions to dismiss, denies as moot plaintiffs' motion for partial summary judgment and defendants' motion to extend case management order deadlines, and denies as moot in part defendants' motion to strike.

## STATEMENT OF THE CASE

Plaintiffs initiated this action on February 16, 2019, filing complaint pursuant to 42 U.S.C. § 1983 seeking declaratory judgment, preliminary and permanent injunction, and damages, asserting as follows:

> This action challenges the constitutional authority of the Town of Wrightsville Beach to demand a $500.00 non-refundable "appeal fee" from persons requesting appeals of adverse zoning decisions; the Town's authority to enforce zoning ordinances at the N.C. Wildlife Public Boating Access Area, the adjacent [North Carolina Department of Transportation] drawbridge right-of-way and the public trust waters of the adjoining Intracoastal Waterway; and further challenges the lawfulness and constitutionality of the Defendants' enforcement of Town ordinances against Plaintiffs for alleged zoning violations arising out of the use and enjoyment of those public lands and waters by Plaintiffs and customers of their jet ski rental businesses.

(Compl. (DE 1) ¶ 1). More specifically, plaintiffs bring 18 claims against defendant Town of Wrightsville Beach ("Town"), defendant Timothy Owens ("Owens"), the Town manager, and defendant John Wessell ("Wessell"), the Town attorney, based on the above allegations, including claims for violation of plaintiffs' federal constitutional right to freedom of speech, and North Carolina-based claims for civil conspiracy and defamation.

On May 24, 2019, defendant Wessell filed the instant motion to dismiss, arguing plaintiffs' claims 1) are barred under the Rooker-Feldman doctrine and pursuant to res judicata, 2) currently asserted against defendant Wessell in his official capacity are duplicative of claims asserted against defendant Town, and 3) fail to state a claim upon which relief can be granted. On July 26, 2019,

defendants Owens[2] and Town filed the instant motion to dismiss, which incorporates by reference the legal arguments set forth in defendant Wessell's motion to dismiss. Additionally, defendants Wessell and Town argue in the instant motion that res judicata bars plaintiffs Seitter and Carolina Coast Watersports, LLC's ("CCW") claims because they are in privity with plaintiffs Mangum and Wrightsville Beach Jet Ski Rentals, Inc. ("WBJSR").

Plaintiffs failed to respond to defendants' motions. However, on October 23, 2019, plaintiffs moved for partial summary judgment on plaintiffs' first, third, and fourth claims for relief. In support, plaintiffs rely on statement of material facts, memorandum of law, and appendix including a deed of gift and a satellite map of boat access area. Thereafter, defendants moved to strike plaintiffs' motion for partial summary judgment and requested an award of reasonable costs and attorneys' fees. Finally, defendants filed motion to extend case management order deadlines on November 15, 2019.

## STATEMENT OF FACTS

The facts alleged by plaintiffs as relevant to the instant motions may be summarized as follows.

For over 17 years, plaintiff Mangum operated plaintiff WBJSR, utilizing the state-owned public boating access area in Wrightsville Beach to launch rented jet skis into the public waterway. (Compl. (DE 1) ¶¶ 13, 25). In or around July 2015, defendant Town began issuing plaintiff Mangum citations with $50.00 civil penalties for alleged zoning violations when he and/or his jet skis were seen in or around the North Carolina Wildlife Commission Public Boating Access Area ("public boating access area"), the adjacent North Carolina Department of Transportation ("DOT")

---

[2] On April 25, 2019, defendant Owens moved to dismiss claims asserted against him in his official capacity, on the ground that such claims were duplicative of claims asserted against defendant Town. The court granted this motion on May 23, 2019.

drawbridge right-of-way, and the adjoining Atlantic Intracoastal Waterway. (Id. ¶ 47). Plaintiffs allege the citations were inconsistent as to which town ordinance gave rise to the violation, did not provide proper notice as required by state law, and specifically did not give notice of defendant Town's policy requiring payment of a nonrefundable $500.00 zoning appeal fee. (Id. ¶¶ 51-53, 55).

Plaintiff Mangum alleges he refused to pay $500.00 to appeal a $50.00 civil penalty and continued his attempts to appeal each violation by following the procedures set forth on the citations provided to him, which appeals were rejected. (DE 20 at 4 (citing Compl. (DE 1) ¶ 54)). Plaintiffs allege that after initially informing plaintiff Mangum the civil penalties were to be sent for collection under the state debt-setoff procedures, defendant Town filed a lawsuit against him and plaintiff WBJSR in the General Court of Justice, Superior Court Division, of the County of New Hanover ("state court") to recover the civil penalties and enjoin his use of the aforementioned areas. (Compl. (DE 1) ¶¶ 71, 73-82). Thereafter, plaintiffs Mangum and WBJSR entered into a consent judgment with defendant Town.[3] (Id. ¶¶ 74-76). The consent judgment waived fees associated with plaintiff Mangum's citations and enjoined plaintiff Mangum from "operating a business involving the rental of jet skis in the Town of Wrightsville Beach or in the Town's extraterritorial jurisdiction." (Id. ¶ 74).

To mitigate losses resulting from the consent judgment, plaintiff Mangum leased his jet ski equipment to plaintiff Seitter, the owner and operator of plaintiff CCW, and appeared at the public boating access area to "ensure [plaintiff] Seitter safely and properly launched the leased equipment into the intracoastal waterway." (Id. ¶¶ 90-91). Shortly thereafter, defendant Town began issuing

---

[3] Plaintiff Mangum signed the consent judgment on his behalf; however, after being told he could not sign for plaintiff WBJSR, he hired an attorney to sign on its behalf. (Compl. (DE 1) ¶¶ 76-77).

plaintiff Seitter citations for alleged zoning violations. (Id. ¶¶ 93-101). Plaintiff Seitter attempted to appeal these citations, but defendants allegedly failed to timely respond. (Id. ¶¶ 102-105).

On July 26, 2018, defendant Town filed motion to hold plaintiff Mangum in civil contempt of court, alleging his presence and activity at the public boating access area violated the consent judgment. (Id. ¶ 105). On September 10, 2018, the state court entered an order of contempt, concluding that plaintiff Mangum had violated the consent judgment, and ordering plaintiff to pay, by October 10, 2018, $3,580.00 in attorneys' fees and for the violation. (See DE 1-12 at 4-5).

**DISCUSSION**

A.  Standard of Review

"To survive a motion to dismiss" under Rule 12(b)(6), "'a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.  Analysis

1.  Claims Barred by Res Judicata

Defendants argue the consent judgment entered in state court precludes litigation of plaintiffs' claims in this court under the doctrine of res judicata. As an initial matter, when

considering whether to give preclusive effect to a North Carolina state court judgment, this court must apply North Carolina law. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293 (2005) ("The Full Faith and Credit Act, 28 U.S.C. § 1783, . . . requires [a] federal court to give the same preclusive effect to a state-court judgment as another court of the State would give.") (internal quotations omitted); Davenport v. North Carolina Dept. of Transp., 3 F.3d 89 (4th Cir. 1993) ("[F]ederal courts asked in a § 1983 action to give res judicata effect (in any of the doctrine's aspects) to a state court judgment are bound under the Full Faith and Credit statute, 28 U.S.C. § 1738, to apply the law of the rendering state to determine whether and to what extent the state court judgment should have preclusive effect in the federal court.").

According to North Carolina law, "[u]nder the doctrine of res judicata or claim preclusion, a final judgment on the merits in one action precludes a second suit based on the same cause of action between the same parties or their privies." Whitacre P'ship v. Biosignia, Inc., 358 N.C. 1, 14 (2004) (internal quotations omitted). The doctrine "advances the twin policy goals of protecting litigants from the burden of relitigating previously decided matters and promoting judicial economy." Id. at 15-16. "For res judicata to apply, a party must show that the previous suit resulted in a final judgment on the merits, that the same cause of action is involved and that both the party asserting res judicata and the party against whom res judicata is asserted were either parties or stand in privity with parties." State ex rel. Tucker v. Frinzi, 344 N.C. 411, 413-414 (1996).

     a.    Final Judgment on the Merits in Prior Suit

First, the earlier suit must have resulted in a final judgment on the merits. Here, the the consent judgment entered in state court constitutes a final judgment on the merits. See Simpson v. Plyler, 258 N.C. 390, 397 (1963) ("[A consent judgment] is as much a judgment on the merits

as if it had been entered on a jury verdict. A consent judgment, as well as a judgment on trial of issues, is res judicata as between the parties upon all matters embraced therein.").

      b.      Same Cause of Action in Both Cases

Next, both suits must involve the same cause of action. The application of this element is "broader . . . than a mere determination of the questions involved in the prior action. . . . It extends not only to matters actually determined, but also to other matters which in the exercise of due diligence could have been presented for determination in the prior action." Gaither Corp. v. Skinner, 241 N.C. 532, 535-36 (1955). Accordingly, the North Carolina Supreme Court has pronounced:

> Parties cannot try their cases or proceedings piecemeal. There must be an end of litigation, and where a party has an opportunity to present his case or his defense, and neglects to do so, the law requires that he take the consequences. The law with us is well settled that a judgment . . . bars a subsequent action between the same parties as to all matters actually litigated and determined therein and also as to all matters which properly could have been litigated and determined.

State v. Burell, 256 N.C. 288, 298 (1962).

In state court, defendants sought recovery of civil penalties resulting from plaintiffs Mangum and WBJSR's zoning citations and an injunction preventing plaintiffs Mangum and WBJSR from operating a jet ski rental business within defendant Town's jurisdiction. The resulting consent judgment waived the civil penalties but enforced the injunction. Now in the instant action, plaintiffs set forth a variety of claims challenging the defendants' authority to enforce the zoning ordinance in the public boating access area, defendants' authority to issue the zoning citations, the constitutionality of zoning citation appeal process, and defendants' decision to file suit seeking recovery of civil penalties and injunctive relief.[4] Plaintiffs could have raised

---

[4] In particular, plaintiffs' first twelve claims for relief state, respectively: 1) the zoning citation appeal fee violates due process, 2) the zoning appeal fee ordinance exceeds the scope of defendant Town's authority, 3) defendants lack authority to enforce the zoning ordinance at the public boating access area, the adjacent D.O.T.

7

these very claims to defend against defendants' complaint in state court. And, as stated above, a party who neglects to raise a defense must take the consequences. See Burell, 256 N.C. at 298 ("[W]here a party has an opportunity to present his case or his defense, and neglects to do so, the law requires that he take the consequences."). Accordingly, since "in the exercise of due diligence," plaintiffs' claims "could have been presented for determination in the prior action," Gaither, 241 N.C. at 535-36, both suits involve the same cause of action.

        c.        Same Parties or their Privies Involved in Both Cases

Finally, both the party asserting res judicata and the party against whom res judicata is asserted must have been parties in the previous suit or stand in privity with those parties. Here, plaintiff Mangum, plaintiff WBJSR, and defendant Town were parties in both the state court action and the current action, but plaintiffs Seitter and CCW and defendants Owens and Wessell, were not parties in the state court action. Therefore, this element turns on whether plaintiffs Seitter and CCW were in privity with plaintiffs Mangum and WBJSR, and whether defendants Owens and Wessell were in privity with defendant Town.

---

drawbridge right-of-way, and the Intracoastal Waterway 4) the zoning citations, associated civil penalties, and the consent judgment and contempt order relating to those citations and penalties are void, 5) defendants violated plaintiffs' right to procedural due process and guaranteed property interest by filing action to recover civil penalties and enjoin plaintiff Mangum from operating his business, 6) defendants enforced the zoning ordinances in a discriminatory manner in violation of plaintiffs' rights to substantive due process and equal protection of the law, 7) defendants violated plaintiff Mangum's right to freedom of speech by retaliating against plaintiff Mangum after he attempted to appeal his citations, 8) plaintiffs Mangum and WBJSR are entitled to punitive damages because defendants took property from plaintiffs by filing action to recover civil penalties and enjoin plaintiff Mangum from operating his business, 9) defendants' abovementioned conduct deprives plaintiffs of their right to due process, liberty, and fruits of their labor under the North Carolina Constitution, 10) defendants' abovementioned conduct violates plaintiffs' rights to due process under the North Carolina Constitution, 11) defendants' abovementioned conduct violates plaintiffs' rights to equal protection under the North Carolina Constitution, 12) defendants' abovementioned conduct violates plaintiffs' rights to freedom of speech under the North Carolina Constitution, 13) defendants' abovementioned conduct constitutes abuse of process under North Carolina common law. (See Compl. (DE 1) ¶¶ 116-205). Furthermore, plaintiffs' seventeenth claim for relief seeks attorneys' fees under 42 U.S.C. §§ 1983, 1988, N.C.G.S. §§ 6-19.1,21.7, and N.C.G.S § 75-16.1 for defendants' abovementioned conduct. (Id. ¶¶ 221-225). Finally, plaintiffs' eighteenth claim for relief seeks an injunction precluding defendants from enforcing the zoning ordinance in certain areas. (Id. ¶¶ 226-230).

According to the North Carolina Supreme Court, "the meaning of privity for purposes of res judicata is somewhat elusive." Hales v. North Carolina Ins. Guar. Ass'n, 337 N.C. 329, 333 (1994). Nevertheless, "the prevailing definition that has emerged . . . is that privity for purposes of res judicata . . . denotes a mutual or successive relationship to the same rights of property." Id. at 334. "[I]n determining whether such a privity relationship exists, courts will look beyond the nominal party whose name appears on the record as plaintiff and consider the legal questions raised as they may affect the real party or parties in interest." Whiteacre P'Ship, 358 N.C. at 36 (internal quotations omitted).

"In general, privity involves a person so identified in interest with another that he represents the same legal right." State ex rel. Tucker, 344 N.C. at 417 (internal quotations omitted). However, privity is not established by "the mere fact that person may happen to be interested in the same question or in proving or disproving the same state of facts, or because the question litigated was one which might affect such other person's liability as a judicial precedent in a subsequent action." Id.

Here, according to plaintiffs' complaint, plaintiff Mangum "entered into a commercial equipment leasing agreement with another jet ski rental business, [plaintiff] Carolina Coast Watersports, LLC, exclusively owned and operated by [plaintiff] Seitter, in order to mitigate business income losses resulting from the restrictions in the Consent Judgment." (Compl. (DE 1) ¶ 90). Thereafter, plaintiffs Seitter and CCW launched the leased jet skis from the public boating access area into the intracoastal waterway, and "[plaintiff] Mangum was also present to ensure [plaintiff] Seitter safely and properly launched the leased equipment into the intracoastal waterway." (Id. ¶ 91). Within minutes, plaintiff Seitter received a citation for a zoning violation. (Id. ¶ 93).

9

Through the leasing agreement, whereby plaintiffs Seitter and CCW operated plaintiff Mangum and WBJSR's jet skis at the public boating access area, plaintiffs Seitter and CCW succeeded to the interests of plaintiffs Mangum and WBJSR, establishing a relationship of privity between the parties. See Smith v. Smith, 334 N.C. 81, 85 (1993) (stating that privity may be gained by "acquir[ing] an interest in the subject matter of the action either by succession, inheritance, or purchase from a party subsequent to the action"); Hales, 337 N.C. at 334 ("[P]rivity for purposes of res judicata . . . denotes a mutual or successive relationship to the same rights of property.").

Additionally, defendants Owens and Wessell, were in privity with defendant Town because all three defendants represent the same legal right, namely the right to enforce the zoning ordinance through the issuance of citations. The fact that defendants Owens and Wessell were sued in their individual capacities and official capacities does not preclude a finding of privity. See Whitacre P'ship, 358 N.C. at 36 ("[P]rivity involves a person so identified in interest with another he represents the same legal right."); see e.g., Northwestern Financial Group, Inc. v. County of Gaston, 110 N.C. App. 531, 536-37 (1993) ("The only difference in parties in the [prior] action and the present matter is that the defendants have been sued as individuals and additionally in their official capacities. . . . Even though defendants have been sued in additional capacity, they are still the same individuals, and at a minimum, would have to be considered in privity with the defendants in the [prior] action.").

Where the state court action involved a final judgment on the merits, the suit in state court and the instant suit involve the same cause of action, and the parties or their privies were involved in both actions, the doctrine of res judicata bars plaintiffs' claims. Accordingly, defendants'

motions to dismiss plaintiffs' claims one through thirteen, as well as claims seventeen and eighteen, are granted, and these claims are dismissed with prejudice.[5]

2.  Remaining State Law Claims

Federal question jurisdiction provided the basis for this court's jurisdiction over plaintiffs' claims. Having dismissed all claims arising under federal law, the court declines to exercise supplemental jurisdiction over plaintiffs' remaining state law claims (plaintiffs' fourteenth, fifteenth, and sixteenth claims), and dismisses them without prejudice. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction."); United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

3.  Remaining Motions

Where all of plaintiffs' claims are dismissed, plaintiffs' motion for partial summary judgment is denied as moot. Likewise, defendants' motion to strike is denied in part as moot, except where it seeks attorneys' fees. The court defers ruling on defendants' request for attorneys' fees until the response time for the motion has run, and that remaining issue is ripe for ruling by the court. Finally, defendants' motion to extend case management order deadlines is also denied as moot.

**CONCLUSION**

Based on the foregoing, the court GRANTS defendants' motions to dismiss. (DE 15, 22). The court dismisses plaintiffs' claims pursuant to res judicata WITH PREJUDICE and dismisses

---

[5] Because the court grants defendants' motions to dismiss on the basis of failure to state a claim pursuant to res judicata, the court does not reach additional grounds for dismissal asserted by defendants.

plaintiffs' claims on jurisdictional grounds WITHOUT PREJUDICE. The court DENIES AS MOOT plaintiffs' motion for partial summary judgment (DE 30) and defendants' motion to extend case management order deadlines (DE 36). The court DENIES AS MOOT IN PART defendants' motion to strike (DE 34), and HOLDS IN ABEYANCE that part of the motion comprising defendants' request for attorneys' fees and costs, which issue will be addressed by separate order after the response time has run on the motion.

SO ORDERED, this the 20th day of November, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge