IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:19-CV-29-FL

| | |
|---|---|
| CHRISTOPHER T. MANGUM, individually and d/b/a Wrightsville Beach Jet Ski RENTALS, WRIGHTSVILLE BEACH JET SKI RENTALS, INC., MITCHELL CARSON SEITTER, individually and d/b/a Carolina Coast Watersports, LLC, and CAROLINA COAST WATERSPORTS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> TOWN OF WRIGHTSVILLE BEACH, a North Carolina Corporation and Body Politic, TIMOTHY OWENS, individually, and JOHN WESSELL, individually and in his official capacity as Town Attorney, <br><br> Defendants. | ORDER |

Reference is made to the court's order dismissing plaintiffs' claims entered November 20, 2020. This matter is before the court on remaining part of that motion to strike and for sanctions (DE 34)[1] filed by defendants John Wessell ("Wessell") and Town of Wrightsville Beach ("Town"), plaintiffs' motion for reconsideration pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) and motion to amend complaint pursuant to Federal Rule of Civil Procedure 15 (DE 38), and

---

[1] As set forth in more detail herein, the court previously on November 20, 2019, denied as moot in part the instant motion to strike, and held in abeyance that part of the motion comprising defendants' request for sanctions in the form of attorneys' fees and costs. The instant order pertains to that part of the motion seeking sanctions.

plaintiff Christopher T. Mangum's ("Mangum") "motion to supplement new evidence", which the court construes as a motion to amend complaint (DE 43).

**COURT'S DISCUSSION**

Here, the court declines to impose sanctions under the circumstances presented. Attorney Buscemi's failure to comply with the court's discovery orders does not evince bad faith, where he suffers from chronic medical conditions that impair his ability to perform professional tasks, as indicated in the North Carolina State Bar's May 21, 2020, consent order, transferring attorney Buscemi to disability, inactive status.

Prejudice to defendants Wessell and Town is minimal, where the instant action was resolved in defendants' favor on motion to dismiss, without consideration of any discovery. Deterrence is unnecessary, where attorney Buscemi cannot practice law in North Carolina, due to his disability. His inactive status is an effective sanction in itself. Accordingly, the court declines to enter sanctions against plaintiffs or attorney Buscemi.

Requests to amend complaint are unavailing. Plaintiff's proposed new claims and allegations based upon the lack of state court jurisdiction over the underlying consent judgment, lack a basis in law, and the court upholds its previous ruling that plaintiffs' claims are barred by the doctrine of res judicata.

United States v. Town of Garner, 720 F. Supp. 2d 721 (E.D.N.C. 2010), is inapposite, where the parties in that case did not litigate their dispute in state court prior to initiating the action in federal court. See id. at 723. ("Oxford House did not seek judicial review of the Board's decision in state court."). Although plaintiff Oxford House could not bring its intentional discrimination claims and reasonable accommodation claims before the Town of Garner Board of

Adjustment Board, here plaintiffs could have asserted their federal and state claims in the state court action because "[t]he jurisdiction of state courts is general." See Turner v. Bank of N. Am., 4 U.S. 8 (1799). [2]

Plaintiffs also argue res judicata does not bar their claims because the instant action does not involve the same matters as the state court action, citing Intersal, Inc. v. Hamilton, 373 N.C. 89 (2019) in reliance. However, Hamilton is instructively distinguishable from the instant matter, where here, plaintiffs entered into a consent judgment with defendant Town in the prior action, which 1) proclaimed that "operation of a jet ski rental business within the Town Jurisdiction, as defined herein, is a violation of the ordinances of the Town of Wrightsville Beach"; 2) enjoined plaintiff from operating its jet ski business at that location in the future; and, in exchange, 3) waived the civil penalties plaintiffs received for violating defendant Town's ordinances. (See Compl., Ex. 11 (DE 12-1)). This consent judgment was negotiated by counsel, and signed by plaintiffs.[3] Now, plaintiffs seek an order from this court, declaring that the operation of jet skis at the property does not violate defendant Town's ordinances, and an injunction prohibiting defendant Town from enforcing its ordinances against plaintiffs. Essentially, plaintiffs are seeking to unwind their agreement with defendant Town, relitigate the state court dispute, and obtain an order that turns

---

[2] Plaintiffs also argue res judicata cannot bar their claims for prospective relief. However, where the consent judgment at issue imposes an injunction, prohibiting plaintiffs from operating a jet ski business within defendant Town's jurisdiction, (see Compl., Ex. 11 (DE 1-12) at 3), the consent judgment necessarily bars plaintiffs' present request for an injunction allowing plaintiffs to operate jet ski businesses at the property, regardless of the request's prospective nature.

[3] Plaintiff Mangum alleges he only signed the consent judgment to avoid the entry default judgment against him. (Compl. (DE 1) ¶ 73). However, such allegations do not invalidate the consent judgment. See Keen v. Parker, 217 N.C. 378 (1940) ("It is a settled principle of law in this State that a consent judgment is the contract of the parties entered upon the records with the approval and sanction of a court of competent jurisdiction, and that such contracts cannot be modified or set aside without the consent of the parties thereto, except for fraud or mistake, and that in order to vacate such judgment an independent action must be instituted."); see also Daniel v. Moore, 164 N.C. App. 534, 539 (2004) ("Our examination of the record reveals that plaintiffs consented, albeit reluctantly, to the settlement prior to the pronouncement of the consent judgment's terms in open court on 9 September 2002.").

the state court consent judgment on its head. Plaintiffs' requested relief runs afoul to considerations of comity and federalism, as well as the need to promote the finality of judgments.

In sum, where plaintiffs' claims are barred by res judicata, any attempt by plaintiffs to reassert those claims would be futile; therefore, plaintiffs' motion to amend is denied in this part.[4]

Regarding plaintiffs' attempt to add claims previously unavailable under state law, such amendment would be futile, where no federal claims remain and the court declines to exercise supplemental jurisdiction over plaintiffs' state law claims. See 28 U.S.C. § 1367(c)(3); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). Accordingly, plaintiffs' motion to amend is denied in remaining part.

Attempted new documentation, including: 1) an email from the North Carolina Wildlife Resources Commission, stating that it owns the boating access area; 2) content from defendant Town's website, wherein defendant Town states that it does not maintain public boat "launches," and 3) text messages between plaintiff Mangum and Alderman Jeff DeGroote, do not bear on the res judicata issue. They do not mandate reconsideration of the court's November 20, 2019, order. Accordingly, plaintiff Mangum's construed motion to amend complaint also is denied.

As noted previously, the North Carolina State Bar placed attorney Buscemi on disability, inactive status, on May 21, 2020. This is of no moment to the instant action, where attorney Buscemi filed the instant motion for reconsideration prior to being transferred to disability, inactive status, and where resolution of the motion for reconsideration results in closure of this case. The court notes, however, that attorney Buscemi may not represent plaintiffs in further

---

[4] Plaintiffs also request that the court declare the state court judgment void under Federal Rule of Civil Procedure 60(b)(3), on grounds that it was procured by fraud, misrepresentation, and misconduct. (See Mem. (DE 39) at 17). However, plaintiffs fail to explain how filing an action to recover civil penalties amounts to fraud, misrepresentation, or misconduct.

4

proceedings, if any, while on disability, inactive status, and plaintiffs Wrightsville Beach Jet Ski Rentals, Inc. and Carolina Coast Motorsports, LLC may not proceed pro se. (See Local Civil Rule 5.2(b)(2)).

**CONCLUSION**

Based on the foregoing, the court DENIES: defendants Wessell and Town's motion for sanctions (DE 34), plaintiffs' motion for reconsideration (DE 38), and plaintiff Mangum's motion to amend complaint (DE 43). The clerk is DIRECTED to close this case.

SO ORDERED, this the 24th day of August, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge